**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| FARIBA AMIRI, | No. 11-71989 |
| Petitioner, | Agency No. A095-635-533 |
| v. | |
| LORETTA E. LYNCH, Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted July 6, 2016[**]
Pasadena, California

Before: FERNANDEZ, CLIFTON, and FRIEDLAND, Circuit Judges.

Petitioner Fariba Amiri, a native of Iran and citizen of the United Kingdom,

petitions for review of the Board of Immigration Appeals' order dismissing her

appeal of an Immigration Judge's denial of her application for asylum, withholding

---

[*] This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**] The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

of removal, and relief under the Convention Against Torture (CAT). We have jurisdiction under 8 U.S.C. § 1252(a), and we deny the petition for review.

Generally, "[o]ur review is limited to the BIA's decision where the BIA conducts its own review of the evidence and law." *Vitug v. Holder*, 723 F.3d 1056, 1062 (9th Cir. 2013). However, where, as here, the BIA's "phrasing seems in part to suggest that it did conduct an independent review of the record, but the BIA's analysis on the relevant issues is confined to a simple statement of a conclusion, we also look to the IJ's oral decision as a guide to what lay behind the BIA's conclusion." *Bingxu Jin v. Holder*, 748 F.3d 959, 964 (9th Cir. 2014) (quoting *Shrestha v. Holder*, 590 F.3d 1034, 1039 (9th Cir. 2010)). We review the BIA's legal conclusions de novo and its factual determinations, "including its finding of whether an applicant has demonstrated a 'well-founded fear of persecution,'" for substantial evidence. *Ghaly v. INS*, 58 F.3d 1425, 1429 (9th Cir. 1995).

To establish that she has suffered past persecution and is therefore eligible for asylum, Amiri must demonstrate: "(1) an incident, or incidents, that rise to the level of persecution; (2) that is on account of one of the statutorily-protected grounds; and (3) is committed by the government or forces the government is either unable or unwilling to control." *Afriyie v. Holder*, 613 F.3d 924, 931 (9th Cir. 2010). Amiri, who was sexually assaulted and later abducted for several hours

by a man she met through a contact at the Iranian embassy, argues that she was targeted as a result of her Iranian ethnicity and her status as a westernized Iranian woman in a romantic relationship with an American man. She also argues that the British police, who did not solve the crime, were unable or unwilling to protect her.

Amiri has provided no evidence beyond speculation that her attack or abduction was motivated by a protected ground. Thus, at most, it is "simply not clear" whether Amiri's alleged protected status "caused [the attacker] to initiate the[] attack." *Parussimova v. Mukasey*, 555 F.3d 734, 742 (9th Cir. 2009). While we are sympathetic to her circumstances, there is nothing in the record that "compels the conclusion" that either Amiri's ethnicity or her social status was "a central motivating reason for the attack." *Id.* Because Amiri has not met her burden to show that she was targeted based on a protected ground, we need not reach the issue of whether westernized Iranian women in a romantic relationship with an American man may constitute a "particular social group." *See Henriquez-Rivas v. Holder*, 707 F.3d 1081, 1083 (9th Cir. 2013) (en banc).

We also agree with the BIA that Amiri did not show that the British police were "unable or unwilling" to control the private parties responsible for Amiri's assault and abduction. *See Afriyie*, 613 F.3d at 927. "[W]hen an applicant attempts to report persecution to the police or request protection from them, the

3

authorities' response (or lack thereof) to such requests may provide powerful evidence with respect to the government's willingness or ability to protect the requestor." *Id.* at 931. Here, both Amiri's testimony and the documentary evidence suggest that the British police launched a serious investigation into Amiri's assault, including forensic testing of her clothes and electronics, multiple interviews with Amiri, and attempts to pull CCTV recordings from the area in which the assault took place. Moreover, Amiri ceased contact with the police two weeks after the initial assault and only three days after her abduction, hampering the investigation. Under these circumstances the "evidence simply does not compel the conclusion that the [British] government was unable or unwilling to control" the man who assaulted and abducted Amiri. *Nahrvani v. Gonzales*, 399 F.3d 1148, 1154 (9th Cir. 2005).

Amiri also has not demonstrated a reasonable likelihood of future persecution. "If an applicant does not assert past persecution or an IJ does not find that an applicant suffered past persecution, an applicant fearing persecution by private parties will have the burden of showing a well-founded fear of future persecution *and* that relocation would be unreasonable." *Afriye*, 613 F.3d at 936

4

n.8.  Here, the IJ found that Amiri has not demonstrated past persecution,[1] and

Amiri did not present any additional evidence suggesting that the facts underlying

this determination would be different upon her return to the United Kingdom.

Finally, Amiri cannot succeed on either her withholding of removal claim or

her CAT claim.  Because she was not able to establish eligibility for asylum, she is

unable to satisfy the higher standard for withholding of removal.  *See Lanza v.*

*Ashcroft*, 389 F.3d 917, 933 (9th Cir. 2004).  Meanwhile, CAT provides relief for

petitioners who are able to show that they are more likely than not to be tortured in

the country of removal "by or at the instigation of or with the consent or

acquiescence of a public official or other person acting in an official capacity."

*Madrigal v. Holder*, 716 F.3d 499, 508 (9th Cir. 2013) (quoting 8 C.F.R.

§ 208.18(a)(1)).  As discussed above, Amiri did not meet her burden to show that

the British government had been unable or unwilling to protect her against

persecution.  The same facts relevant to that analysis provide substantial evidence

---

[1] Amiri argued on appeal that the IJ found that she had suffered from past persecution, thus entitling her to a rebuttable presumption of a well-founded fear of future persecution pursuant to 8 C.F.R. § 1208.13(b)(1).  She misunderstands the IJ's findings.  The IJ determined that the attack against Amiri, combined with the abduction and harassment she suffered, "rose to the level of persecution." However, the IJ found that she had not suffered from persecution as defined by § 1208.13(b)(1) because she had not demonstrated that the assault was motivated by a protected status or that the British government was unable or unwilling to help her.

for the BIA's conclusion that Amiri had not met her burden to show a sufficient governmental involvement in or acquiescence to torture under CAT. *See, e.g., Del Cid Marroquin v. Lynch*, 2016 WL 2893386, at *4 (9th Cir. May 18, 2016); *Garcia-Milian v. Holder*, 755 F.3d 1026, 1034 (9th Cir. 2014).

**PETITION FOR REVIEW DENIED.**